NORTH STREET TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10545. Promulgated April 21, 1927.

Expenditures on buildings distinguished as between capital expenditures and expenditures for ordinary and necessary expenses.

*Henry Herrick Bond, Esq.*, for the petitioner.
*A. R. Marrs, Esq.*, for the respondent.

The Commissioner has asserted a deficiency in income tax for the calendar year 1920 in the amount of $323.78.

FINDINGS OF FACT.

The petitioner is a trust, holding certain real estate in Boston, Mass., on which expenditures were made in 1920 which were disallowed by the Commissioner, as follows:

| | |
|---|---:|
| Repairing floor, new stair treads and erecting new partition for toilet. | $370.00 |
| Repairing toilet and fixtures | 300.00 |
| Sheathing for office, repairs to windows and ceiling | 789.72 |
| Store front new (replacement) | 700.00 |
| Store front | 741.00 |
| Repairing and renewing roof | 280.00 |
| Repairing and renewing store at 84 North Street | 130.00 |
| Repairs to windows and doors and installing support under iron supports | 261.14 |

Excavating and concreting basement, replacement of wooden floor with concrete_____ $315.91

    Total_____ 3,887.77

Of the foregoing items, the following amounts were expended as ordinary and necessary expenses:

Repairs to windows and ceiling_____ $391.73
Repairing roof_____ 280.00
Repairs on store at 84 North Street_____ 130.00
Repairs to windows and doors and installing supports under stairway_____ 261.14
Pointing loose bricks_____ 15.75

    Total_____ 1,078.62

### OPINION.

Korner,[1] *Chairman:* The only issue presented is whether certain items which were expended on petitioner's buildings are deductible as ordinary and necessary expenses.

In some of the items which are not classed by us in the foregoing findings as ordinary and necessary expenses, the evidence shows that at least a part of these expenditures would properly be classified as repairs and therefore deductible, but since we have no satisfactory segregation of the entire expenditures, some of which represented capital items, we must approve the determination of the Commissioner, disallowing the entire item as expense. These items are analogous to those considered in the *Appeal of Sentinel Publishing Co.,* 2 B. T. A. 1211, in which we said:

In its return it deducted the amount so expended as ordinary and necessary expenses in the nature of repairs. It appears, however, that the greater portion, at least, of the expenditures made in this regard were of a capital nature. The building of a new skylight, the changing of the partitions, and a complete alteration of the style of that floor of the building, in order to suit the particular requirements of a certain tenant, can hardly be classed as repairs. It is possible that a certain portion of the amount expended did represent repairs, but, in the absence of any definite information with reference to the amount which was actually expended in repair work, we are unable to determine what amount is properly deductible.

Redetermination should, therefore, be made, allowing deductions as ordinary and necessary expenses the total of $1,078.62 shown in our findings of fact.

                         *Judgment will be entered on 10 days' notice, under Rule 50.*

---

[1] This decision was prepared during Mr. Korner's term of office.